UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| RICHARD ABSHER ]<br>Plaintiff, ]<br>]<br>v. ]<br>]<br>TENNESSEE DEPARTMENT OF ]<br>CORRECTION ]<br>Defendant. ] | No. 1:14-0108<br>CHIEF JUDGE HAYNES |

# ORDER

Before the Court is a *pro se* prisoner complaint (Docket Entry No. 1) under 42 U.S.C. § 1983 and his application to proceed *in forma pauperis* (Docket Entry No. 2).

From a review of the application, Plaintiff lacks sufficient financial resources from which to pay the fee required to file the complaint. Accordingly, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. 28 U.S.C. § 1915(a).

Plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; <u>or</u>

(b) twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding

1

monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

Plaintiff, Richard Absher, an inmate at the Turney Center Industrial Prison in Only, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendant, the Tennessee Department of Correction. Plaintiff seeks damages arising from his fall at the state prison. According to his complaint, on November 26, 2013, the Plaintiff slipped and fell on an icy patch at the prison injuring his right knee. Plaintiff alleges that his injury was due to the defendant's negligence and that the medical care for his injury has been inadequate.

Neither a state or its agency is a person that can be sued in a Section 1983 action. Will v. Michigan Department of State Police, 491 U.S. 58, 64 (1989). The Court concludes, Plaintiff has failed to state a claim against the defendant for which relief can be granted.

An appeal of the judgment rendered herein would not be taken in good faith as required by 28 U.S.C. § 1915(a)(3). Coppedge v. United States, 369 U.S. 438, 445-446 (1962). Therefore, the Plaintiff is **NOT** certified to pursue an appeal of this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

If Plaintiff decides to file a notice of appeal, Plaintiff must either pay the Clerk of Court the full appellate filing fee of five hundred five dollars ($505.00) or submit a new application to proceed *in forma pauperis* with a certified copy of his inmate trust account statement for the previous six month period. 28 U.S.C. § 1915(a)(1); McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

The Clerk is directed to send a copy of this Order to the Warden of the Turney Center

Industrial Prison to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the ___ day of September, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court